## PROSECUTION FOR ABANDONMENT OF CHILD.

Circuit Court of Cuyahoga County.

A. J. HIRSTIUS, SHERIFF, v. ADOLPH GOTTSCHALT.

Decided, November 1, 1909.

*Parent and Child—Construction of Section 3140-2—Making Abandonment of Minor Child by Parent a Felony—Order as to Provision for Child may be Modified—Habeas Corpus.*

1. An order made pursuant to Section 3140-2 requiring the father of an abandoned minor child to pay a certain sum periodically for the home, food, care and clothing of said child, and give bond therefor, may be modified at any time thereafter when changed conditions of the child require it, as well as when the father becomes unable to comply with the original order.
2. It is unlawful, however, to arrest and confine such father, if not in default under the original order, until he has had opportunity to comply with any modified order that may be made.

*Estep & Gott,* for plaintiff in error.
*Clifford Neff,* contra.

WINCH, J.; HENRY, P. J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

This is a proceeding to review the judgment of the common pleas court granting an application in habeas corpus for the release from custody of the defendant in error.

The record shows that on June 4th, 1906, Gottschalt was convicted in said court of the offense of abandoning his minor child, and thereupon and before sentence was ordered to pay to the clerk of the court for the home, food, care and clothing of said child the sum of $20 quarterly, beginning July 1, 1906, until the further order of the court, and gave bond to comply with said order, as provided by law.

Although Gottschalt fully complied with said order, without default, on the second day of June, 1909, upon motion, an order was made in said court modifying the original order and requiring Gottschalt to pay $3 per week, until the further order of the court, for the support, care, food, home and clothing of said minor. This order recites that it was made upon due notice to Gottschalt and that upon the evidence adduced the court for good cause finds that the allowance theretofore made is now insufficient. The defendant was ordered to give a new bond conditioned that he furnish his child with necessary and proper home, food, care and clothing and abide the further order of the court and a capias for the defendant was ordered.

Thereupon a capias was issued to the sheriff, plaintiff in error, who arrested Gottschalt and imprisoned him in the county jail, where he was held until released on his application here under review.

No breach of the modified order was charged, nor had the defendant had time to become in default under it, at the time the capias was issued.

The statute under which Gottschalt was originally prosecuted is Section 3140-2, Revised Statutes, and that part of it here involved reads as follows:

"Provided, however, if after conviction and before sentence, he shall appear before the court in which said conviction shall have taken place, and enter into bond, to the state of Ohio, in

the penal sum of one thousand dollars, to the approval of the court as to surety, conditioned that he will furnish said child or children with necessary and proper home, food, care and clothing, or, if said child or children be in a county or district children's home, that he will pay to the trustees of said home the reasonable cost of keeping said child or children while remaining in the same, to be fixed by the court as to the amount and times of payment, then said court may suspend sentence therein;

"And provided further, that upon a failure of said parent to comply with said order and undertaking, he or she may be arrested by the sheriff or other officer on a warrant issued on the precipe of the prosecuting attorney, and brought before the court for sentence, whereupon the court may pass sentence, or for good cause shown, may modify the order and take a new undertaking and further suspend sentence as may be just and proper."

It is claimed that because the statute provides for a modification of the original order only in event the defendant fails to comply with it, it can not be modified under any other circumstances. We can not give assent to any such narrow construction. Manifestly the intention of the Legislature in authorizing a modification of the order, when the defendant is in default, was to give the trial judge an alternative, so that he would not have to impose sentence if the defendant failed to comply with the order, but could hear evidence as to his ability to comply with the order, and, if satisfied that the defendant was unable to make the payments, reduce the amount to be paid, instead of sending him to serve his sentence, where he would be unable to make any contributions to his child's support.

We do not believe the Legislature intended to restrict that broad and continuing jurisdiction over the rights of children which the courts exercise with regard to their custody, in an enactment evidently intended to provide against their abandonment, and for their nourishment. See *Hoffman* v. *Hoffman*, 15 O. S., 427.

The prime object in this enactment is the good of the child. As it grows, its wants multiply, and as they multiply and conditions change, the courts have always given heed to the situation and modified their orders to suit the changed conditions.

This necessary right to modify their orders affecting children has not been taken from the courts by this legislation.

Further, the original order was before sentence, and "until the further order of the court." The case is still pending for sentence and the court expressly reserved the right to modify its order. The doctrine of *res judicata* does not apply. The court does not appear to have abused its discretion in the modification which was made on June 2, 1909. We therefore hold that said order is a valid order, and upon failure to comply with it, the defendant may be brought in for sentence.

The record showing that the defendant was not in default as to the latter order, when the capias was issued for him, his arrest and imprisonment were illegal, without warrant of law, and he was properly discharged upon his application.

Judgment affirmed.

---

## RIGHTS OF A MORTGAGEE WHO FAILED TO FILE PROOFS WITHIN SIXTY DAYS OF A FIRE LOSS.

Circuit Court of Franklin County.

THE OHIO-GERMAN FIRE INSURANCE COMPANY V. EMMA KRUMM.

Decided, September 27, 1909.

*Fire Insurance—Construction of the "Union Mortgage Clause"—Intention Toward the Mortgagee as Shown by the Mortgage Clause—Meaning of the Words "the Insured"—Conditions which Comply with the Promissory Clause.*

A mortgagee may recover upon a fire insurance policy, containing what is known as the union mortgage clause of the standard policy of New York, New Jersey and Connecticut, for a loss of the property by fire, when neither he nor the mortgagor present proof of loss within sixty days after loss as required of "the insured" by a condition in the policy.

*Sheets & West,* for plaintiff in error.
*G. E. Bibbee,* contra.

ALLREAD, J.; SULLIVAN, J., and DUSTIN, J., concur.

The question arising in this case is whether the mortgagee may recover upon a fire insurance policy containing what is